## 11131

### KIRKPATRICK v. HARDEMAN

.(115 S. E., 905)

1. WITNESSES—CREDIBILITY OF WITNESS NOT TESTED ON COLLATERAL ISSUE.—In action for failure to comply with agreement to sell stocks, where a former agent of defendant testified for plaintiff, and there was conflict between his testimony and defendant's, in excluding testimony as to why witness had left employment of the firm, which represented defendant, to test credibility, there was no error, the fact that witness and his partner had severed relations in anger, and even accompanied by criminal charges, did not prove witness at fault, and that issue was collateral.

2. EVIDENCE—NEWSPAPER COPIES OF PRICE LISTS ADMISSIBLE TO PROVE PRICE OF STOCKS.—In action for failure to deliver mill stocks sold to plaintiff by defendant, there was no error in admitting newspaper copies of the price of the stock at various times.

3. APPEAL AND ERROR—EXCEPTIONS NOT CONFORMING TO COURT RULE NOT CONSIDERED.—Where errors were predicated on refusal to submit a charge and to grant new trial, but exceptions did not comply with Court Rule 5, § 6 (90 S. E., vii), which provides that they must appear at the end of the case and contain a concise statement of one proposition of law or facts which the Supreme Court is asked to review, and the same assignment should not be repeated, they cannot be considered.

Before ANSEL, J., County Court, Greenville, February, 1922. Affirmed.

Action by J. W. Kirkpatrick against Isaac Hardeman for breach of a contract to sell through his agents, Goldsmith & Stone, 100 shares of Watts Mill stock, 2d Pref., at $98.50 per share. Judgment for plaintiff and defendant appeals.

*Messrs. T. H. Munro* and *Bonham & Price,* for appellant, cite: *Right to question witness as to reason for leaving employment where it would tend to impeach his credibility:* 98 S. C., 114. *Defendant entitled to show anything in mitigation of plaintiff's damage:* 17 C. J. 297; 43 Am. Dig., 1498; 5 Blackf. (Ind.), 433; 89 N. E., 831.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: *Cause of dissolution of partnership between agents of defendant not competent:* 113 S C., 256; 118 S. C., 44; 118 S. C., 191. *Witness can refer to written record to refresh memory even where record itself is incompetent:* 63 S. C., 559; 41 S. C., 149; 15 S. C., 373. *Market reports in newspapers competent:* 10 R. C. L., 1167; 238 U. S., 202; 22 C. J., 188, 929; 3 Wig. Ev., Sec. 1404.

February 7, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

The statement of facts set forth in this case reads:

"This action was commenced by the service of a summons and complaint. This is the second appeal. Upon the first trial of the cause a nonsuit was granted, which was reversed by this Court upon appeal, and a new trial ordered. The cause then came on to be heard before his Honor, Judge Ansel, and a jury, at a term of the County Court for Greenville County, held on the 17th day of February, 1922, and resulted in a verdict for the plaintiff for $1,100."

The first and second exceptions are:

"1. That the Court erred in excluding evidence offered as to why the witness Stone has left the employment of Goldsmith & Stone, such testimony upon cross-examination being admissible in order to test the credibility of the witness.

"2. That the Court erred in excluding the advertisement offered in evidence, stating that the witness Stone had severed connection with the firm of Goldsmith & Stone, as such advertisement was relevant, and tended to discredit the witness, and, further, was a part of the evidence offered to impeach the credibility of the witness Stone."

These exceptions are overruled.

I. There was a conflict of testimony between the broker, Stone and the defendant, Hardeman. His Honor was correct in excluding the testimony. The bare fact that Stone and Goldsmith had severed their relations in anger and, even accompanied by criminal charges, did not prove that Stone was at fault. Stone must be allowed to defend himself, and ·it would have resulted in the trial of another case. A fair rule of evidence would not have permitted the condemnation of Stone upon mere charges of his former associates, nor the introduction of a collateral issue.

II. The next exception is:

"3. That his Honor erred in admitting in evidence newspaper copies of the price of Watts' stock at various times, upon the ground that the same was not proven, nor is it of any class of documentary evidence made admissible by statute."

This exception must be overruled. *Commonwealth of Virginia v. State of West Virginia,* 238 U. S., 202; 35 Sup. Ct., 795, 59 L. Ed., 1272: "Accredited price current lists and market reports, including those published in trade journals or newspapers which are accepted as trustworthy, are admissible in evidence" on the question of market value of railway stock.

III. The fourth and fifth exceptions are:

"4. That his Honor erred in refusing to charge the defendant's ninth request to charge, it being respectfully submitted that this request contained a sound proposition of law, and was applicable to the issues.

"5. That his Honor erred in refusing to grant a new trial *nisi,* upon the grounds stated in the record herein."

Rule 5, (90 S. E., vii), reads:

"The exceptions must appear at the end of the case. Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to

review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception. then or previously taken, or request to charge will not be considered. The exceptions should not be long or argumentative in form."

These exceptions cannot be considered but we see no merit in either.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE COTHRAN, disqualified.